## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

_____

RICHARD PELLEGRINO, AARON
BRIDGES, and COBB SCLC FREEDOM
AND JUSTICE FUND, INC.

       Plaintiffs,

       vs.

CITY OF SMYRNA, GEORGIA,
JRM MANAGEMENT SERVICES, INC.,
POLICE LIEUTENANT TIM SHARPLES,
and JANE AND JOHN DOE OFFICERS
1–10, individually,

       Defendants.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO.

_____

**JURY TRIAL REQUESTED**

## VERIFIED COMPLAINT[1]

COME NOW Richard Pellegrino ("Pellegrino"), Aaron Bridges
("Bridges"), and Cobb SCLC Freedom and Justice Fund, Inc. ("Cobb SCLC"), the
Plaintiffs, and bring this Complaint seeking declaratory and injunctive relief and
damages for violations of their First, Fourth, and Fourteenth Amendment rights
under the United States Constitution and corollary rights under the Georgia
Constitution, and for false imprisonment, false arrest, battery, and harassment by

---

[1] An unsigned verification has been submitted contemporaneously with this Complaint.
Once signed and notarized, an updated verification will be filed to supplement.

the Smyrna Police Department, its officers, and JRM Management Services, Inc. ("JRM") during and after lawful distribution of leaflets in a traditional public forum. As shown more fully below, while distributing leaflets on a public sidewalk educating the public about the killing of Nicholas Thomas, a local man, by Smyrna police officers, Pellegrino and Bridges were repeatedly barred by officers from that same department from distributing their materials. They were then seized, and unlawfully removed. Through these actions and the enforcement of clearly unconstitutional ordinances, Plaintiffs have also been inhibited from planned future First Amendment activities.

## JURISDICTION AND VENUE

### 1.

This action arises under the authority vested in this Court by virtue of 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(3), the First, Fourth, and Fourteenth Amendments of the United States Constitution. Pendent jurisdiction exists pursuant to 28 U.S.C. § 1367 under Article I, § 1, ¶¶ I–II, V, VII, IX, XIII of the Georgia Constitution. The actions of defendants were under color of law. Venue is proper in this Court and Plaintiffs request a jury trial.

## PARTIES

2.

Plaintiff Richard Pellegrino resides in Mabelton, Cobb County, Georgia. He has engaged in the distribution of leaflets regarding police killing in Cobb County.

3.

Plaintiff Aaron Bridges resides in Atlanta, Fulton County, Georgia. He has engaged in the distribution of leaflets regarding police killing in Cobb County.

4.

Plaintiff Cobb SCLC Freedom and Justice Fund, Inc. is a domestic nonprofit corporation with members whose rights have been infringed upon by Smyrna's leafleting ordinance and practices. Among Cobb SCLC's members and supporters who have had their speech rights infringed are Plaintiffs Pellegrino and Bridges. Other Cobb SCLC members seek to distribute leaflets in the traditional public fora of Smyrna upon resolution of this action, but have been prevented from doing so by Defendants' enforcement actions.

5.

Defendant City of Smyrna, Georgia ("Smyrna" or "City"), is a municipality, duly established under the laws and Constitution of Georgia. The Smyrna Police Department is a division of the city.  Smyrna has purchased comprehensive

liability coverage for its law enforcement officers' activities, and has thus waived sovereign immunity for state law claims.

6.

Defendant JRM Management Services, Inc. is a domestic profit corporation, with its principal office located at P.O. Box 777, Kennesaw, Cobb County, Georgia, 30156. JRM's registered agent is Tod Miller, who can be served with process at 3102 Greyson Manor, Kennesaw, Georgia, 30152. JRM, at all times relevant hereto, acted under color of state law by virtue of its joint participation with other Defendants.

7.

Defendant Smyrna Police Lieutenant Tim Sharples ("Sharples") was, at all times relevant hereto, an officer with the Smyrna Police Department. He is sued in his individual capacity. Sharples was, at all times pertinent hereto, acting under color of state law.

8.

Defendant Officers Jane and John Doe (identities to be determined and Complaint amended) (collectively "Officers") were, at all times relevant hereto, employed as police officers by the City of Smyrna. They are sued in their individual capacities. At all times relevant to the complaint, each acted under the color of law.

## FACTUAL ALLEGATIONS

9.

On Saturday, April 23, 2016, Richard Pellegrino distributed leaflets in the public areas and sidewalks near the Twentieth Century Veterans Memorial in the "downtown" area of Smyrna in Cobb County, Georgia. The Veterans Memorial is located at, or around, 2800 King Street SE, Smyrna, Georgia 30080 and adjacent to Smyrna's Village Green.

10.

The leaflets Pellegrino and Bridges distributed at all times pertinent hereto are attached to this Complaint as Exhibit A. The leaflets were printed on 8.5-inch by 11-inch paper and described the killing of Nicholas Thomas by Smyrna Police Officer Kenneth Owens.   The leaflets expressed a viewpoint of protest against the use of excessive force by law enforcement.

11.

During the weekend of April 23rd and 24th, 2016, Smyrna hosted their Spring Jonquil Festival in the area in and around the Village Green in the downtown area of Smyrna. JRM provided event services for Smyrna in connection with the Jonquil festival.

12.

The Spring Jonquil Festival was a public event, open to all, for which admission was not charged.[2]

13.

On April 23, Pellegrino was allowed to and did peaceably distribute these leaflets in downtown Smyrna.

14.

On Sunday April 24, 2016, at approximately 12:30 p.m., Pellegrino, accompanied by Bridges, returned to the area of downtown Smyrna, and while standing on public sidewalks and in public park areas, again distributed the leaflets.

15.

At approximately 1:00 p.m., personnel working with Defendant JRM approached Pellegrino and Bridges and demanded that they stop distributing their leaflets.

---

[2]  *See* City of Smyrna, Event Calendar, Spring Jonquil Festival, http://www.smyrnacity.com/Home/Components/Calendar/Event/7582/15 (providing that "[t]he City of Smyrna welcomes all on the weekend of April 23 & 24" and advertising "FREE ADMISSION!"), *archived at* https://perma.cc/LE67-FL83.

16.

JRM personnel stated that Pellegrino and Bridges would not be permitted to distribute the leaflets despite the fact that event coordinators confirmed that Pellegrino and Bridges had not violated any city ordinance or other law.

17.

Several Smyrna Police Department officers, Defendants Jane and John Does, then approached Pellegrino and Bridges and demanded that they not distribute their leaflets.

18.

Pellegrino asked the defendant officers whether he and Bridges were violating any city ordinance. The officers replied that they were not. Pellegrino then stated that he and Bridges were acting within their constitutional rights to assemble and distribute information to those willing to receive it. The officers persisted in demanding that Pellegrino and Bridges cease their distribution of leaflets, claiming that JRM could bar leafleting activity even in a traditional public forum such as the sidewalk where they stood.

19.

The officers not only demanded that Pellegrino and Bridges cease their distribution of their leaflets, but then also demanded that they leave the public spaces of downtown Smyrna.

20.

Facing arrest and prior restraint, Pellegrino and Bridges stopped engaging in speech and assembly activity protected by the First Amendment and left the public area.

21.

Suspecting that the actions of JRM and the Smyrna Police officers were illegal, Pellegrino called Dr. Ben Williams and attorney Gary Pelphrey of the Southern Christian Leadership Conference. Williams and Pelphrey indicated that the actions of JRM and the Smyrna Police officers were likely illegal, and with Pellegrino and Bridges, arranged to return to the downtown area of Smyrna later that afternoon.

22.

At approximately 4:30 p.m. on the same Sunday, Pellegrino and Bridges, with Pelphrey, resumed their distribution of their leaflets.

23.

Smyrna Police officers, Defendants Jane and John Does, quickly approached Pellegrino, Bridges, and Pelphrey, demanding that they cease their leafleting activity. Pelphrey requested that a supervisor come to discuss JRM and Smyrna Police officers' suppression of Pellegrino and Bridges' First Amendment activities.

24.

A Smyrna Police Department supervisor, Defendant John Doe, arrived. John Doe first feigned ignorance of JRM and Smyrna's earlier orders that Pellegrino and Bridges cease their distribution of leaflets and leave the public area of downtown Smyrna, but then conceded knowledge of the officers' earlier actions after Pelphrey resisted his claimed lack of knowledge.

25.

Smyrna Police Department supervisor, Defendant John Doe, then allowed Pellegrino and Bridges to distribute their leaflets for the ten minutes of the Spring Jonquil Festival that remained.

26.

JRM jointly participated in the violation of Pellegrino and Bridges' constitutional rights with the City of Smyrna and its police officers, thus acting under color of state law.

27.

Pellegrino and Bridges were significantly shaken by their encounter with JRM and officers of the Smyrna Police Department.

28.

In a separate incident, on or about July 23, 2016, Pellegrino, accompanied by several youths, again distributed leaflets in the downtown area of Smyrna,

this time in and around the public park areas and sidewalks of the Smyrna Community Center and Smyrna Police Department.

29.

In addition to handing out leaflets to those willing to take them, Pellegrino deposited leaflets upon parked cars.

30.

Defendant Lieutenant Sharples confiscated and removed some of the leaflets from the parked cars near the police station. When confronted by Pellegrino about his suppression of lawful First Amendment activity, Sharples crumpled and discarded various leaflets, exposing Pellegrino to possible criminal liability under Smyrna Ordinance § 66-9.1(g).

31.

Pellegrino and the youths who accompanied him were frustrated, frightened, upset, intimidated, and fearful of arrest as a result of Sharples' actions in suppressing lawful leafleting activity, and ceased their leafleting as a result.

32.

Despite Defendants' persistent efforts to suppress their speech and intimidate them into silence, Pellegrino and Bridges seek to continue the distribution of their leaflets and their efforts to educate the public on police

wrongdoing in Smyrna and Cobb County. Within days or weeks of this Court resolving the constitutional issues concerning their leafleting and Smyrna's ordinances (set out more fully *infra*), Pellegrino and Bridges will resume their First Amendment activity. They hope to leaflet in Smyrna, Georgia in January, 2017.

## Free Speech Problems with Smyrna Ordinance

### 33.

Smyrna Ordinance 66-9.1, the ordinance governing the distribution of leaflets, on its face and as applied, unconstitutionally regulates speech based on content, without narrow tailoring or compelling justification. Subsection (e), entitled "*Prohibitions; public places; vacant premises; vehicles; exemptions*" provides:

> (1)    No person shall throw, post or deposit any handbill in or upon any sidewalk, street or other public place within the city, nor shall any person hand out or distribute or sell any handbill in any public place; provided, however, that it shall not be unlawful on any sidewalk, street or other public place within the city for any person to hand out or distribute, without charge to the receiver thereof, any handbill to any person willing to receive it.
>
> (2)    No person shall throw, post or deposit any handbill in or upon any private premises which are vacant and which could be reasonably ascertained to be vacant.
>
> (3)    No person shall throw, post or deposit any handbill in or upon any vehicle; provided, however that it shall not be unlawful in any public place for a person to hand out or distribute without charge to the receivers

> thereof, a handbill to any occupant of a vehicle who is willing to accept it.
> (4)   <u>Handbills for political, charitable and other nonprofit purposes and newspapers are exempt</u> from this section; however, if a newspaper is directly notified that a citizen does not wish to receive it, such request must be honored, or further distribution will be considered a violation of this section.

(Emphasis added). Moreover, as applied, defendant-officers engaged in viewpoint discrimination by treating leaflets alleging police misconduct differently than they treat other leaflets not directed to their disfavored topic.

34.

The Smyrna ordinance governing leaflets is offensive to both due process and free speech in that it provides for criminal penalties[3] whenever a leaflet is found in an improper place without establishing that the person distributing the leaflet was responsible for placing it there:

> (g)   *Violation*.
> (1)   If any handbill is found on any public or private premises or vehicle in violation of this article, <u>it shall be a rebuttable presumption</u> that the person or persons whose names(s), address(es) or telephone number(s) appear thereon has violated this article.

(Emphasis added).

---

[3] The violation of Smyrna Ordinance § 66-9.1 is a misdemeanor, *see* Smyrna Ordinance § 66-9.1(h)(1), which is punishable by up to six months imprisonment, a $1,000 fine, probation, and/or court ordered community service. *See* Smyrna Ordinance § 1-8.

35.

Operating under the Smyrna ordinance, the Smyrna Police Department permitted JRM, a private event services corporation, to dictate the scope of the free speech rights of persons in a traditional public forum.

36.

The actions of the City of Smyrna and its police officers were pursuant to a policy, custom, and practice of the City of Smyrna and/or with the final approval or ratification of the final decision maker for such issues. All actions were done under color of law, and with deliberate indifference to the clearly established rights of Pellegrino and Bridges.

37.

Because the challenged ordinance will likely be enforced against Pellegrino and Bridges again, they file this lawsuit to obtain court orders allowing them to continue their planned future First Amendment activity distributing leaflets. Such activities will commence as soon as, and if, this Court enjoins the challenged ordinances.

38.

On June 20, 2016, Pellegrino and Bridges sent a demand letter and ante-litem notice to the Mayor and Chief of Police of Smyrna, and no response in any form was received.

DATED: This 23d day of January, 2017.

Respectfully Submitted,

/s/ Gerald Weber
Gerald Weber
Georgia Bar No. 744878
Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
404-522-0507
wgerryweber@gmail.com

/s/ Craig Goodmark
Craig Goodmark
Georgia Bar No. 301428
Goodmark Law Firm
One West Court Square, Suite 410
Decatur, Georgia 30030
404-719-4848
cgoodmark@gmail.com

/s/ Zack Greenamyre
Zack Greenamyre[4]
Georgia Bar No. 293002
Mitchell & Shapiro LLP
3490 Piedmont Road, Suite 650
Atlanta, Georgia 30305
404-812-4751
zack@mitchellshapiro.com

*Attorneys for Plaintiffs*

---

[4] Admission to Northern District of Georgia Bar, pursuant to Local Rule 83.1, pending.

## CLAIMS FOR RELIEF

### 39.

The allegations set forth above are incorporated by reference herein and below.

### 40.

By not allowing Pellegrino and Bridges to engage in legal and constitutionally protected dissemination of leaflets in a traditional public forum and public area, and by seizing Pellegrino and Bridges and demanding that they leave a public area, Defendants engaged in the prior restraint of speech and deprived Pellegrino and Bridges of their right to free speech as protected by the First and Fourteenth Amendments, as well as the Georgia Constitution's Article I, Section I, Paragraphs V and IX.

### 41.

By threatening, seizing, arresting, and expelling Pellegrino and Bridges under clearly unconstitutional and overbroad ordinances, Defendants violated their right to be secure in their persons and to be free from unreasonable searches and seizures as protected by the First, Fourth and Fourteenth Amendments of the United States Constitution, as well as the Georgia Constitution Article I, Section 1, Paragraph I, VII, and XIII.

42.

By maliciously threatening, seizing, arresting, and expelling Pellegrino and Bridges without any legal authority, Defendants, with malice, falsely imprisoned them in violation of O.C.G.A. § 16-5-41 and O.C.G.A. § 51–7–20 and committed the common law tort of trespass upon a person.

43.

By maliciously threatening, seizing, arresting, and expelling Pellegrino and Bridges without any legal authority, Defendants, with malice, falsely imprisoned them under color of legal process or process of law in violation of O.C.G.A. § 16-5-42 and O.C.G.A. § 51–7–1.

44.

Pellegrino and Bridges, as persons who have been subject to the unconstitutional ordinance circumscribing leafleting activity, and as frequent distributors of leafleting materials who are likely to be subjected to the unconstitutional ordinance in the future, and who are currently inhibited from planned leafleting, seek declaratory and injunctive relief (a) preventing the unequal application of the ordinance to different forms of speech based on content, (b) preventing the application of the challenged ordinance without proper proof of culpability, (c) preventing the use of the challenged ordinance to stifle free speech in public places by private entities and (d) preventing

enforcement of Smyrna Ordinance  66-9.1 as unconstitutional facially, and as applied, under the First and Fourteenth Amendments and Georgia Constitution Article I, Section I, Paragraphs I, II, V, VII and IX and XIII.

## **PRAYER FOR RELIEF**

WHEREFORE, on the basis of the foregoing, Plaintiffs respectfully pray that this Court:

(A)   Assume jurisdiction over this action;

(B)   Award nominal, compensatory, and other damages against each defendant in an amount determined by a jury;

(C)   Award punitive damages against the individual and corporate defendants;

(D)   Award declaratory and injunctive relief as set out herein;

(E)   Award reasonable attorneys fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable laws;

(F)   Award such other and further relief as this Court deems just and proper.

A JURY TRIAL IS REQUESTED.

## <u>CERTIFICATION OF ELECTRONIC FILING</u>

The undersigned hereby certifies the filing of this Complaint, motion, and accompanying brief, and verifications upon the parties and all counsel by the Court's Electronic Filing System.

DATED: This 23d day of January, 2017.

/s/ Gerald Weber

_____

Gerald Weber
Georgia Bar No. 744878

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

————————————————————

RICHARD PELLEGRINO, AARON
BRIDGES, and COBB SCLC FREEDOM
AND JUSTICE FUND, INC.

          Plaintiffs,

      vs.

CITY OF SMYRNA, GEORGIA, et al.,

          Defendants.

————————————————————

CIVIL ACTION FILE NO.

————————————————

**<u>VERIFICATION OF RICHARD PELLEGRINO</u>**

STATE OF GEORGIA    )
COUNTY OF COBB     )

Personally appeared Richard Pellegrino before the undersigned official who is
duly authorized by law to administer oaths, who after first being duly sworn,
deposes and states that he is a plaintiff in the within and foregoing civil action
and he verifies that the facts contained in the complaint are true and correct to
the best of his knowledge, information, and belief.

SO VERIFIED this _____ day of January 2017.

————————————————————
RICHARD PELLEGRINO

Sworn to and subscribed before me
this _____ day of _____ 2017.

————————————————
Notary Public

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

_____

|  |  |  |
|---|---|---|
| RICHARD PELLEGRINO, AARON BRIDGES, and COBB SCLC FREEDOM AND JUSTICE FUND, INC. | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. |
| vs. | ) ) | _____ |
| CITY OF SMYRNA, GEORGIA, et al., | ) ) | |
| Defendants. | ) ) | |

_____ )

**VERIFICATION OF AARON BRIDGES**

STATE OF GEORGIA    )
COUNTY OF COBB      )

Personally appeared Aaron Bridges before the undersigned official who is duly authorized by law to administer oaths, who after first being duly sworn, deposes and states that he is a plaintiff in the within and foregoing civil action and he verifies that the facts contained in the complaint are true and correct to the best of his knowledge, information, and belief.

SO VERIFIED this ____ day of January 2017.


_____
AARON BRIDGES

Sworn to and subscribed before me
this _____ day of _____ 2017.


_____
Notary Public